MARK D. BRUTZKUS - Bar No. 128102
JEFFREY A. KOBULNICK - Bar No. 228299
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:  (818) 827-9099
Email:      mbrutzkus@brutzkusgubner.com
            jkobulnick@brutzkusgubner.com

Attorneys for Defendant,
**CITI TRENDS, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MACKSON INC., a New York Corporation; CHARLOTTE RUSE, INC., a California Corporation; CITI TRENDS, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV16-00155 SVW (ASx)<br><br>**DEFENDANT CITI TRENDS, INC.'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Assigned to:<br>        Honorable Stephen V. Wilson |

Defendant, Citi Trends, Inc. ("Citi Trends" or "Defendant"), hereby answers Plaintiff Unicolors, Inc.'s ("Plaintiff") Complaint (hereafter referred to as the "Complaint") on file herein, admitting, denying and alleging as follows:

## **INTRODUCTION**

In answer to the paragraphs contained in the Introduction of the Complaint, Defendant denies engaging in any acts of wrongdoing or infringement.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

## JURISDICTION AND VENUE

1. In answer to Paragraph 1 of the Complaint, Defendant acknowledges that this is an action arising under the Copyright Act of 1976, Title, 17 U.S.C. § 101 *et seq*.

2. In answer to Paragraph 2 of the Complaint, Defendant acknowledges that this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. In answer to Paragraph 3 of the Complaint, Defendant acknowledges that venue is proper under 28 U.S.C. § 1391(c) and 1440(a). Defendant denies that it engaged in any wrongdoing. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph, and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

## PARTIES

4. In answer to Paragraph 4 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

5. In answer to Paragraph 5 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

6. In answer to Paragraph 6 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

7. In answer to Paragraph 7 of the Complaint, Defendant acknowledges that it is a corporation organized and existing under the laws of the State of Delaware and is doing business in the state of California. Defendant further acknowledges that its

principal place of business is located at 104 Coleman Boulevard, Savannah, GA 31408.

8. In answer to Paragraph 8 of the Complaint, Defendant acknowledges that the named defendants, and Does 1-10 are collectively referred to in the Complaint as "Defendants".

9. In answer to Paragraph 9 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

10. In answer to Paragraph 10 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

11. In answer to Paragraph 11 of the Complaint, Defendant denies the allegations contained therein.

## **CLAIMS RELATED TO DESIGN**

12. In answer to Paragraph 12 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

13. In answer to Paragraph 13 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

14. In answer to Paragraph 14 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

1508726/3295.004

15. In answer to Paragraph 15 of the Complaint, Defendant acknowledges that an image depicting a garment related to Defendant Mackson, as referred to in the Complaint, is collectively attached to the Complaint as Exhibit C. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

16. In answer to Paragraph 16 of the Complaint, Defendant acknowledges that an image depicting a garment related to Defendant Charlotte Russe, as referred to in the Complaint, is collectively attached to the Complaint as Exhibit C. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

17. In answer to Paragraph 17 of the Complaint, Defendant acknowledges that an image depicting a garment related to Defendant Citi Trends, as referred to in the Complaint, is collectively attached to the Complaint as Exhibit C. Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph related to Charlotte Russe and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein. Defendant denies the allegations contained therein.

18. In answer to Paragraph 18 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph, and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

19. In answer to Paragraph 19 of the Complaint, Defendant acknowledges that it operates retail stores and an online store at www.cititrends.com. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph, and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

20. In answer to Paragraph 20 of the Complaint, Defendant denies that it engaged in any act of wrongdoing or committed any violation of Plaintiff's intellectual property rights. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph, and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

21. In answer to Paragraph 21 of the Complaint, Defendant incorporates its prior responses to Paragraphs 1 through 20 herein.

22. In answer to Paragraph 22 of the Complaint, Defendant denies each and every allegation set forth therein.

23. In answer to Paragraph 23 of the Complaint, Defendant denies each and every allegation set forth therein.

24. In answer to Paragraph 24 of the Complaint, Defendant denies that it engaged in any act of infringement. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph, and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

25. In answer to Paragraph 25 of the Complaint, Defendant denies that it engaged in any act of infringement. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph, and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

26. In answer to Paragraph 26 of the Complaint, Defendant denies that it engaged in any act of infringement and further denies that it obtained any direct or indirect profits. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph, and basing its response on such lack of

1508726/3295.004

information and belief, Defendant denies, generally and specifically, the allegations contained therein.

27. In answer to Paragraph 27 of the Complaint, Defendant denies each and every allegation set forth therein.

### SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)

28. In answer to Paragraph 28 of the Complaint, Defendant incorporates its prior responses to Paragraphs 1 through 27 herein.

29. In answer to Paragraph 29 of the Complaint, Defendant denies each and every allegation set forth therein.

30. In answer to Paragraph 30 of the Complaint, Defendant denies each and every allegation set forth therein.

31. In answer to Paragraph 31 of the Complaint, Defendant denies each and every allegation set forth therein.

32. In answer to Paragraph 32 of the Complaint, Defendant denies each and every allegation set forth therein.

33. In answer to Paragraph 33 of the Complaint, Defendant denies that it engaged in any act of infringement. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph, and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

34. The Complaint fails to state facts sufficient to constitute any claim upon which relief may be granted.

#### Second Affirmative Defense

35. Plaintiff lacks standing because it has not demonstrated ownership of a valid copyright registration for the artwork called EH101 ("Subject Design") (as the

term is defined in the Complaint).

### Third Affirmative Defense

36. Plaintiff lacks standing to bring claims for copyright infringement as Plaintiff is not the author or creator of the Subject Design.

### Fourth Affirmative Defense

37. Plaintiff's copyright and/or copyright registration is invalid.

### Fifth Affirmative Defense

38. To the extent Plaintiff may have any copyright interest in the Subject Design, Plaintiff's copyrighted material is entitled only to thin copyright protection, and Plaintiff cannot establish infringement under the principles governing thin copyright.

### Sixth Affirmative Defense

39. If Defendant infringed any copyright interest allegedly held by Plaintiff, Defendant did so with innocent intent.

### Seventh Affirmative Defense

40. Plaintiff lacks standing to bring the Complaint because, among other things, Plaintiff is not the owner(s) and/or author(s) of the Subject Design.

### Eighth Affirmative Defense

41. Plaintiff's design is not protected by copyright because it is not an original work of authorship.

### Ninth Affirmative Defense

42. Plaintiff is barred from obtaining any relief due to its fraud, including but not limited to, committing a fraud upon the Copyright Office.

### Tenth Affirmative Defense

43. Plaintiff is barred from recovery because Plaintiff has committed misuse of copyright.

### Eleventh Affirmative Defense

44. Plaintiff's conduct with regards to the matters alleged in the Complaint

was such that Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested against Defendant.

### Twelfth Affirmative Defense

45. Some or all of the damages alleged by Plaintiff, if any, are to be offset by the damage sustained by Defendant as a result of Plaintiff's conduct.

### Thirteenth Affirmative Defense

46. Plaintiff is not entitled to statutory damages or attorney's fees pursuant to 17 U.S.C. § 412.

### Fourteenth Affirmative Defense

47. Defendant denies that it is responsible or liable in any way for the damages or loss alleged in the Complaint. However, if Defendant is found to be liable or responsible for any or all of the alleged damages or loss, Defendant alleges that it, if any, is not the sole proximate cause of the damage or loss, that the damage awarded to Plaintiff, if any, should be apportioned according to California state law by each parties' respective fault and legal responsibility of all parties, persons and entities, and their agents, servants, and employees who contributed to and/or cause such damages or loss according to the proof presented at the time of trial.

### Fifteenth Affirmative Defense

48. At all times, Defendant acted in a commercially reasonable and lawful manner. Each and every act or statement done or made by Defendant was a good faith assertion of the Defendant's rights and, therefore, was privileged and justified.

### Sixteenth Affirmative Defense

49. Plaintiff failed to protect and/or enforce its alleged rights, and/or engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligent act, omission, or any other conduct, if any, as set forth in the Complaint.

### Seventeenth Affirmative Defense

50. Plaintiff, though under an affirmative duty to do so, failed and neglected

to mitigate its alleged damages, if any, and cannot recover against Defendant, whether as alleged of otherwise.

### Eighteenth Affirmative Defense

51. The damages suffered by Plaintiff, if any, were the direct and proximate result of the acts, omission, or negligence of persons or entities other than Defendant.

### Nineteenth Affirmative Defense

52. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses, including but not limited to, res judicata and collateral estoppel, in the event that the discovery indicates that they would be appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint and that judgment be rendered in favor of Defendant.

2. For costs of suit, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

3. For such other and further relief as the court deems just proper.

Dated: March 3, 2016                    BRUTZKUS GUBNER

                                        By: /s/ Jeffrey A. Kobulnick
                                            MARK D. BRUTZKUS
                                            JEFFREY A. KOBULNICK
                                        Attorneys for Defendant,
                                        **CITI TRENDS, INC.**

## **DEMAND FOR JURY TRIAL**

Defendant CITI TRENDS, INC. hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in the Complaint and any subsequent complaint or consolidated action.

Dated:  March 3, 2016                                    BRUTZKUS GUBNER


                                                         By: /s/ Jeffrey A. Kobulnick
                                                              MARK D. BRUTZKUS
                                                              JEFFREY A. KOBULNICK
                                                         Attorneys for Defendant,
                                                         **CITI TRENDS, INC.**